ECF CASE
JUDGE PATTERSON

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 5, 2007**
**DeLaHoya/Mayweather** Program
                      Plaintiff,

                   -against-
FIORDALIZA ALVAREZ, Individually, and as
officer, director, shareholder and/or principal of
C & F ENTERPRISES INC. d/b/a LA PALMA
BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR,

and

C & F ENTERPRISES INC. d/b/a LA PALMA
BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR
                      Defendants.
-----------------------------------------------------------------

**PROPOSED FINDINGS OF FACTS
AND CONCLUSIONS OF LAW
REGARDING DAMAGES**
Civil Action No. 07-cv-08852
HON. HENRY B. PITMAN

The issues of this action having been submitted and the Motion for Default Judgment having been referred to Your Honor on February 22, 2008 by The Honorable Robert P. Patterson, Plaintiff presents its Findings of Facts and Conclusions of Law regarding the issue of Damages.

### FINDINGS OF FACT

FIRST: The plaintiff, J & J SPORTS PRODUCTIONS, INC., is a California Corporation with its principal place of business located at 2380 So. Bascom Avenue Suite 200 Campbell, CA 95008.

SECOND: Defendant FIORDALIZA ALVAREZ, is an officer, director, shareholder and/or principal of C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR

a/k/a ESCO BAR with a principal place of business at 130 Audobon Ave., New York, NY, 10032. See Attorney's Affidavit of Cost and Fees, Paragraph 5, Ecf. Doc. 11.

THIRD: Plaintiff held the exclusive right, by contract, to exhibit and/or distribute the May 5, 2007 DeLaHoya/Mayweather boxing program to commercial establishments in Defendants' geographical area. See Plaintiff's Affidavit, Paragraph 3, Ecf. Doc. 10. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the program to their patrons. Id.

FOURTH: Defendants FIORDALIZA ALVAREZ, Individually, and as officer, director, shareholder and/or principal of C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR, and C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR, did not purchase the broadcast rights to the May 5, 2007 DeLaHoya/Mayweather program or its undercards. See Plaintiff's Affidavit, Paragraph 6, Ecf. Doc. 10.

SIXTH: As part of its normal business operation, Plaintiff engages in anti-piracy activities designed at protecting the legitimate purchasers of the bout. See Plaintiff's Affidavit, Paragraph 4, Ecf. Doc. 10. Plaintiff utilizes Agencies which hire auditors to visit non-subscribing establishments during the broadcast of the entire bout to determine whether any such establishments are illegally exhibiting the broadcast. Id.

SEVENTH: On May 5, 2007, Defendant FIORDALIZA ALVAREZ, Individually, and as officer, director, shareholder and/or principal of C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR, and C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR, was in operation in New York, New York, on the evening in question, and was a commercial establishment that had 1 television set.

<u>See</u> Paragraph 7 of Plaintiff's Affidavit, Ecf. Doc. 10

EIGHTH: The auditor, Lee Packtor, witnessed the exhibition of the event being viewed by a full capacity crowd in Defendant commercial establishment ,C & F ENTERPRISES INC. d/b/a LA PALMA BAR & GRILL a/k/a ESCOBAR a/k/a ESCO BAR on May 5, 2007. <u>Id.</u>

NINTH: Since the Defendant herein did not purchase the licensing rights to the May 5, 2007 DeLaHoya/Mayweather program, it *per se* indicates that the wilful and intentional acts were taken to intercept the program, thereby purposefully defrauding the Plaintiff of money.

TENTH: In so doing, the Defendant's display of the Event likely led to an increased number of patrons, and thus to an increase in profits.

## CONCLUSIONS OF LAW

ELEVENTH: Plaintiff held the exclusive rights to distribute and/or exhibit the May 5, 2007 DeLaHoya/Mayweather program in commercial establishments in Defendant's geographical area.

TWELFTH: The Defendant willfully and for commercial gain intentionally exhibited the May 5, 2007 DeLaHoya/Mayweather broadcast, in violation of 47 U.S.C. §605 and §553, as well as Plaintiff's rights.

THIRTEENTH: Plaintiff, J & J SPORTS PRODUCTIONS, INC., in accordance with 47 U.S.C. §605 and §553, is entitled to statutory damages in an amount of up to $110,000.00, for the willful and intentional exhibition of the May 5, 2007 DeLaHoya/Mayweather program at Defendant's commercial establishment.

FOURTEENTH: Plaintiff, J & J SPORTS PRODUCTIONS, INC., is further entitled to litigation fees and interest on said sum of up to $110,000.00 for the Defendant's willful and intentional exhibition of the May 5, 2007 DeLaHoya/Mayweather program and all its undercard

bouts, as set forth in the Plaintiff's Motion for Default Judgment.

Dated: April 21, 2008
    Ellenville, NY 12428
                                  LONSTEIN LAW OFFICE, P.C.
                                  /s/ Julie Cohen Lonstein
                                  Julie Cohen Lonstein, Esq.
                                  Bar Roll No. JL8512
                                  Lonstein Law Office, P.C.
                                  Attorneys for Plaintiff
                                  1 Terrace Hill; PO Box 351
                                  Ellenville, NY 12428
                                  Telephone: 845-647-8500
                                  Fax: 845-647-6277

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing document was duly served via Regular Mail on today's date, upon:

C & F Enterprises, Inc.
132 Audubon Ave.
New York, NY 10032

Fiordaliza Alvarez
57 S. Woodside Ave.
Bergenfield, NJ 07621

Dated: April 21, 2008                                                                      /s/ Julie Cohen Lonstein
      Ellenville, NY                                                                        Julie Cohen Lonstein, Esq.